IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERNIE MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:16-CV-2122-M-BH |
| | § | |
| PARAMOUNT RECOVERY | § | |
| SYSTEMS, LP, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management. Before the Court for recommendation is *Plaintiff's Motion for Remand to JP Court*, filed October 4, 2016 (doc. 13). Based on the relevant filings and applicable law, the motion should be **GRANTED**, and the case should be remanded.

**I. BACKGROUND**

On June 20, 2016, Ernie Mitchell (Plaintiff) filed suit in the Justice Court, Precinct 5, Place 2, for Dallas County, Texas, against Paramount Recovery Systems, LP (Defendant), asserting violations of the federal Fair Debt Collections Practices Act (FDCPA), the Texas Fair Debt Collection Practices Act (TFDCPA), and the Texas Deceptive Trade Practices Act (DTPA). (*See* doc. 1-2 at 3-4.)[1] He alleged that Defendant, a consumer debt collector, continued to attempt to collect debt that had been disputed, and subsequently reported this disputed debt to three credit bureaus despite Plaintiff's written requests to stop. As a result, Plaintiff alleges that Defendant used "false, deceptive, or misleading representations or means in connection with the

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

collection of the alleged debt" and "represented . . . to others that [] Plaintiff [was] willfully refusing to pay a nondisputed consumer debt," which violate all three statutes. (*See* id.)

On July 21, 2016, Defendant removed the suit to federal district court, asserting federal question jurisdiction under 28 U.S.C. § 1331. (*See* doc. 1.) On October 3, 2016, Plaintiff filed an amended petition that eliminated his FDCPA and TFDCPA claims, leaving only the state DTPA claim. (*See* doc. 11). The next day, he moved to remand the case back to JP Court because the federal claim had been removed from the original petition. (*See* doc. 13.) Defendant did not respond.

## II. REMOVAL

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is diversity of citizenship. *Id.* § 1332(a).

To determine whether removal jurisdiction exists, the court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Additionally, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* If there is "any doubt about the propriety of removal, [it] must be resolved in favor of remand." *Gasch v. Hartford*

*Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

In this case, Defendant asserted federal question jurisdiction as a basis for removal. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question is presented when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008). To determine whether resolution of a substantial question of federal law is necessary, courts must determine whether "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial [*4] responsibilities." *Id*. at 338.

Here, Plaintiff's state petition contained a federal statutory claim, i.e., the FDCPA claim, at the time of removal. He does not dispute that federal question jurisdiction existed based on the claim, and removal of the case to federal district court was therefore proper.

### III.  REMAND

Plaintiff asserts that this case should be remanded because he has amended his complaint to eliminate the federal claim.

Pursuant to § 1367(a), federal courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  In essence, § 1367(a) grants the courts the "power to hear a state law claim under pendent or

supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC,* No. 3:15-CV-1162-D, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1996). Here, Plaintiff's state and federal claims derived from one nucleus of operative fact as required for supplemental jurisdiction. They all stemmed from Defendant's debt collection and credit reporting efforts that were allegedly carried out in deceptive and incorrect manners. (*See* doc. 1-2 at 3). The Court may therefore exercise supplemental jurisdiction over Plaintiff's state law claims.

Under 1367(c), a court may decline to exercise supplemental jurisdiction over a state claim if:

> (1) the claim raises a novel or complex issue of law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1376(c). When all federal claims are dismissed prior to trial, the general rule in this circuit is to decline exercising jurisdiction over the remaining state law claims. *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3). This rule is "neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram*

4

*Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiffs right."). In exercising this discretion, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257; *Nagy*, 2007 U.S. Dist. LEXIS 102624, 2007 WL 2122175, at *10. However, "no single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

      Here, now that Plaintiff's lone federal claim is no longer pending, all three factors weigh in favor of remand. First, although his state claims arise from the same "common nucleus of operative facts" as his federal claim, no substantive analysis of the federal claim was conducted since it was abandoned so early in the litigation. Requiring Defendant to litigate these claims in state court would not "require consideration by two distinct courts of the same operative facts" and the "same legal issues." *See McKee*, 2007 U.S. Dist. LEXIS 61317, 2007 WL 2381246, at *4. The Court has not spent a substantial amount of time and resources reviewing the pleadings and researching the legal issues involved. *See McCall v. Peters*, No. CIV.A. 3:00-CV-2247-D, 2003 U.S. Dist. LEXIS 8041, 2003 WL 21488211, at *12 (N.D. Tex. May 12, 2003), *aff'd* 108 F. App'x 862 (5th Cir. 2004) (in determining whether to exercise pendent or supplemental jurisdiction, the court may consider factors such as the amount of time and resources that it has spent adjudicating the case). Further, it is "certainly fair" to have the remaining state law claim heard by a Texas state court, *Enochs v. Lampasas County*, 641 F.3d 155, 160 (5th Cir. 2011), and Defendant has not argued that it would be prejudiced by a Texas state court hearing this single state claim. It did not oppose Plaintiff's motion to remand. The Court should therefore decline to exercise supplemental jurisdiction over Plaintiff's remaining state law DTPA claim.

## IV. RECOMMENDATION

This case should be **REMANDED** to the Justice of the Peace Court, Precinct 5 Place 2 of Dallas County, Texas, for further proceedings.

**SO RECOMMENDED** on this 28th day of February, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE